```
              UNITED STATES DISTRICT COURT
              EASTERN DISTRICT OF KENTUCKY
                CENTRAL DIVISION at LEXINGTON
```

| | |
|---|---|
| CYNTHIA A. HENNIGAN, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | Case No. |
| ) | 5:19-cv-417-JMH |
| v. ) | |
| ) | **MEMORANDUM OPINION** |
| UNITED SERVICES AUTOMOBILE ) | **AND ORDER** |
| ASSOCIATION, ) | |
| ) | |
| Defendant. ) | |

\*\*\*

This matter is before the Court on the Court's own motion. It has come to the attention of the Court that the parties' joint stipulation of dismissal [DE 26], was not intended to dismiss the entire action, but rather to dismiss the claims of Plaintiff Brian Hennigan only. As a consequence, the Court's Order [DE 27] is to be vacated, and the parties' joint stipulation of dismissal [DE 26] and motion to amend the Rule 26(f) Joint Report [DE 25] are reconsidered.

## I.   PROCEDURAL HISTORY

On October 10, 2019, Plaintiffs Cynthia A. Hennigan, Brian C. Hennigan, and Daniel C. Hennigan filed a complaint based on diversity jurisdiction, which was subsequently amended. [DEs 1, 6]. Defendant United States Automobile Association ("USAA") then filed its answer on December 5, 2019. [DE 14].

Following the Court's Order on December 9, 2019 [DE 17], the parties met and conferred, and submitted their Rule 26(f) joint

report [DE 20]. Although they did not submit a full discovery plan, the parties explained that the issue of subject matter jurisdiction – which would later be raised by USAA — should be resolved prior to formal discovery. [DE 20]. Shortly thereafter on January 24, 2020, USAA filed a motion to dismiss for lack of subject matter jurisdiction [DE 22]. Plaintiffs subsequently filed a response in opposition, to which USAA replied. [DEs 23, 24].

On May 7, 2020, Plaintiffs Cynthia Hennigan and Daniel Hennigan filed their motion to amend the Rule 26(f) report, in order to proceed with discovery despite USAA's pending motion to dismiss. [DE 25]. One day later, Plaintiff Brian Hennigan then filed a joint stipulation to dismiss his claims against USAA. [DE 26]. Following this, the Court misconstrued Plaintiff Brian Hennigan's stipulation [DE 26] as a joint stipulation to dismiss the entire action. [DE 27]. As such, the Court dismissed the entire action and denied as moot USAA's pending motion to dismiss [DE 22] and Plaintiffs Cynthia Hennigan and Daniel Hennigan's pending motion to amend the Rule 26(f) report [DE 25]. [*See* DE 27].

However, it then came to the Court's attention that Plaintiff Brian Hennigan's stipulation was intended to apply to his claims only, rather than the claims of all Plaintiffs. Subsequently, Plaintiffs Cynthia Hennigan and Daniel Hennigan also filed a motion for relief from the Court's previous May 11, 2020 Order. [*See* DE 28]. Accordingly, the Court will vacate the May 11, 2020 Order [DE

2

27], making those motions again ripe for review. Plaintiff Brian Hennigan's joint stipulation [DE 26] and Plaintiffs Cynthia Hennigan and Daniel Hennigan's motion to amend [DE 25], in particular, shall also be considered in turn.

## II. DISCUSSION

### A. Joint Stipulation of Dismissal

Although the Parties agreed to dismiss Plaintiff Brian Hennigan, they did not state under which rule of civil procedure they moved for dismissal. [*See* DE 26]. Generally, stipulations of dismissal are filed to dismiss an action under Federal Rule of Civil Procedure 41(a). However, Rule 41(a) does not allow a court to dismiss only some, rather than all, of the parties in a single case. *See, e.g.,s United States ex rel. Doe v. Preferred Care, Inc.*, 326 F.R.D. 462 (E.D. Ky. 2018). In the Sixth Circuit, a plaintiff may only dismiss an "action" using Rule 41(a), and an "action" is interpreted to mean the "entire controversy." *Philip Carey Manufacturing Company v. Taylor*, 286 F.2d 782, 785 (6th Cir. 1961). While some circuits disagree with the Sixth Circuit's interpretation of Rule 41(a), this Court is bound by Sixth Circuit precedent. *See Preferred Care*, 326 F.R.D. at 464; *see, e.g., Van Leeuwen v. Bank of Am., N.A.*, 304 F.R.D. 691, 693-94 (D. Utah 2015) (discussing the circuit split and citing cases).

Rule 21, however, may be used for the dismissal of a single party. *See Taylor*, 286 F.2d at 785 ("we think that [Rule 21] is

3

the one under which any action to eliminate" a single party should be taken); *see also Letherer v. Alger Grp., LLC*, 328 F.3d 262, 266 (6th Cir. 2003); *United States v. Roberts*, No. 5:19-cv-234-JMH, 2019 WL 6499128, at *2 (E.D. Ky. Dec. 3, 2019); *Wilkerson v. Brakebill*, No. 3:15-cv-435-TAV-CCS, 2017 WL 401212 (E.D. Tenn. Jan. 30, 2017) ("Rule 21 is the more appropriate rule."); *Lester v. Wow Car Co., Ltd.*, No. 2:11-cv-850, 2012 WL 1758019, at *2 n. 2 (S.D. Ohio May 16, 2012) ("the Sixth Circuit has suggested that dismissal of an individual party, as opposed to an entire action, is properly conducted pursuant to Rule 21, not Rule 41"). Thus, the Court construes the parties' joint stipulation of dismissal [DE 26], as a motion to dismiss a single party under Rule 21.

"On motion or on its own, the court may at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21. Under Rule 21, however, Courts must consider prejudice to the nonmoving party. *See Wilkerson*, 2017 WL 401212, at *2. The inquiry overlaps with Rule 41 standards "as guidance in evaluating potential prejudice to the non-movant." *Id.* When determining whether the nonmoving party would suffer "plain legal prejudice," Court consider: (1) defendant's effort and expense of preparation for trial; (2) excessive delay and lack of diligence on plaintiff's part in prosecuting the case; (3) insufficient explanation for the need for dismissal; and (4) whether a motion for summary judgment is

4

pending." *Grover v. Eli Lily & Co.*, 33 F.3d 716, 718 (6th Cir. 1994).

Here, because the parties have filed a joint stipulation of dismissal, there is essentially no nonmoving party. As such, none of the parties will suffer "plain legal prejudice" as a result of dismissal. First, the parties' efforts in preparation for trial at this point are likely minimal, since no scheduling order has been entered, no trial date set, nor has formal discovery begun. Second, there is no indication of a lack of due diligence. On the contrary, parties are encouraged to find amicable resolution of their disputes. Finally, the parties have indicated that their claims have been resolved, and as such, there is no need to require Plaintiff Brian Hennigan to continue in this action. Furthermore, dismissal will still allow the remaining parties to continue litigating this matter, or otherwise work towards a resolution. Thus, the Court finds sufficient reason to allow Plaintiff Brian Hennigan to be dropped from this case.

**B. Motion to Amend Rule 26(f) Report**

Having determined that the Court's previous May 11, 2020 Order should be vacated, Plaintiffs Cynthia Hennigan and Daniel Hennigan's motion, styled as a "Motion to Proceed with Discovery and Modify and Set a Rule 26(f)(3) Plan," is also ripe for review. [DE 25].

5

In their initial Joint Report [DE 20], the parties noted that a motion to dismiss based on lack of subject matter jurisdiction would be filed by Defendant. The parties indicated that they would file a supplemental joint report with a proposed discovery plan within two weeks of the Court's determination on the issue of subject matter jurisdiction. Despite this, Plaintiffs Cynthia Hennigan and Daniel Hennigan have filed a motion to amend the joint report in order to proceed with discovery. The Court agrees with the parties' original position and believes the issue of subject matter jurisdiction should be resolved prior to formal discovery. Therefore, if the Court finds that it does have subject matter jurisdiction, the parties will be directed to submit a supplemental joint report at that time.

### III. CONCLUSION

Having considered the matters fully, and being otherwise sufficiently advised, **IT IS ORDERED** as follows:

(1) The Court's previous May 11, 2020 Order [DE 27] is **VACATED**;

(2) The parties' joint stipulation of dismissal construed as a motion to dismiss under Federal Rule of Civil Procedure 21 [DE 26] is **GRANTED**;

(3) All claims by Plaintiff Brian Hennigan are **DISMISSED WITH PREJUDICE**;

6

(4) This dismissal does not apply to the claims of any other Plaintiffs in this matter;

(5) Each party to this dismissal shall bear its own costs and attorneys' fees;

(6) Plaintiffs' motion for relief [DE 28] is **DENIED AS MOOT**; and

(7) Plaintiffs' motion to amend the Rule 26(f) joint report [DE 25] is **DENIED WITHOUT PREJUDICE**. As originally requested in the parties' Joint Status Report [DE 20], the parties are directed to submit a supplemental joint report with a detailed discovery plan pursuant to the Court's December 9, 2019 Order [DE 17], following resolution of Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction [DE 22].

This the 12th day of May, 2020.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge