UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

| | | |
|---|---|---|
| CYNTHIA A. HENNIGAN, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. |
| | ) | 5:19-cv-417-JMH |
| v. | ) | |
| | ) | **MEMORANDUM OPINION** |
| UNITED SERVICES AUTOMOBILE | ) | **AND ORDER** |
| ASSOCIATION, | ) | |
| | ) | |
| Defendant. | ) | |

\*\*\*

This matter is before the Court upon Defendant United States Automobile Association's ("USAA") Motion to Dismiss [DE 22]. For the reasons set forth herein, Defendant's Motion to Dismiss is **GRANTED**.

## I.    PROCEDURAL HISTORY

On October 20, 2017, Plaintiffs were involved in a motor vehicle accident in Madison County, Kentucky. [DE 23 at 2]. At the time of the accident, Plaintiff Daniel Hennigan was insured under a policy issued by Defendant USAA. [*See* DE 1-1]. Plaintiffs were residents of South Carolina, where they currently reside. [DE 22 at 4; DE 23 at 2].

On October 10, 2019, Plaintiffs Cynthia A. Hennigan, Brian C. Hennigan, and Daniel C. Hennigan filed a complaint based on diversity jurisdiction. [DE 1]. The Complaint was subsequently amended. [DE 6]. Defendant USAA then filed its answer on December 5, 2019. [DE 14]. Plaintiffs allege a variety of claims, including

Kentucky and South Carolina statutory claims, breach of contract, and failure to pay in accordance with the terms of the insurance contract. [DE 1 at 4-10].

Following the Court's Order on December 9, 2019 [DE 17], the parties met and conferred, and submitted their Rule 26(f) joint report [DE 20]. Although they did not submit a full discovery plan, the parties explained that the issue of subject matter jurisdiction should be resolved prior to formal discovery. [DE 20]. Shortly thereafter on January 24, 2020, USAA filed a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), specifically alleging that the parties are not completely diverse as required under 28 U.S.C. § 1332(a). [DE 22]. Plaintiffs subsequently filed a response in opposition, to which USAA replied. [DEs 23, 24]. As a result, USAA's Motion to Dismiss is ripe for review.

## II.  STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(1) provides that a defendant may assert lack of subject-matter jurisdiction as a defense. Fed. R. Civ. P. 12(b)(1). A motion to dismiss under Rule 12(b)(1) is different than one under Rule 12(b)(6) in that it challenges the Court's power to hear the case before it. When jurisdiction is challenged under this rule, the burden is on the plaintiff to prove that jurisdiction exists. *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir. 1996).

In evaluating a motion to dismiss under Rule 12(b)(1), courts must first consider whether the challenge to subject-matter jurisdiction is a facial attack or a factual attack. *Cartwright v. Garner*, 751 F.3d 752, 759-60 (6th Cir. 2014). An attack on the factual basis of jurisdiction challenges the "factual existence of subject-matter jurisdiction," leaving the court with "broad discretion with respect to what evidence to consider in deciding whether subject matter jurisdiction exists, including evidence outside of the pleadings, and has the power to weigh the evidence and determine the effect of that evidence on the court's authority to hear the case." *Arnold v. Liberty Mutual Ins. Co.*, 392 F. Supp.3d 747, 762 (E.D. Ky. 2019) (internal citations omitted). Moreover, "when considering a factual attack, there is no presumption of truthfulness applied to the allegations." *Merck Sharp & Dohme Corp. v. Conway*, No. 3:11-cv-51-DCR, 2012 WL 1029427, at *2 (E.D. Ky. Mar. 26, 2012) (citing *Mich. S.R.R. Co. v. Branch & St. Joseph Counties Rail Users Ass'n*, 287 F.3d 568, 573 (6th Cir. 2002)). Instead, the Court "must weigh the conflicting evidence to arrive at the factual predicate that subject-matter [jurisdiction] does or does not exist." *Id.*

## III. DISCUSSION

USAA has challenged the factual basis of subject-matter jurisdiction. [DE 22 at 3]. Specifically, USAA alleges a lack of diversity of citizenship as required under 28 U.S.C. § 1332(a)(1).

For diversity jurisdiction to exist, § 1332 requires complete diversity between the parties, plus an amount in controversy exceeding $75,000. *See* 28 U.S.C. § 1332(a). Complete diversity of citizenship exists when "no plaintiff and no defendant are citizens of the same state." *Jerome-Duncan, Inc. v. Auto-By-Tel, LLC*, 176 F.3d 904, 907 (6th Cir. 1999).

Here, Plaintiffs are citizens of South Carolina. [DE 22 at 4; DE 23 at 2]. Both parties also agree that USAA is a reciprocal interinsurance exchange, with its principal place of business in Texas. [DE 22 at 1]. Plaintiffs argue that diversity is met because USAA should be treated as a corporation, resulting in it being a citizen of Texas. [DE 23 at 5-6]. USAA contends that, as a reciprocal insurance exchange, it is considered a citizen of each state in which its members reside—the implication being that both parties would be citizens of South Carolina, breaking diversity. [DE 22 at 2-3]. The Court agrees.

A reciprocal interinsurance exchange is "an unincorporated association of members, known as subscribers, who are both insurers and insureds." *Privilege Underwriters Reciprocal Exchange v. Research Products Corp.*, No. 3:16-cv-426-DJH, 2017 WL 628460 (W.D. Ky. Feb. 15, 2017). "Unlike corporations, whose citizenship is determined according to the state of incorporation and the location of its principal place of business, unincorporated entities carry the citizenship of their members (or subscribers). *Hartfield v.*

4

*Farmers Ins. Exch.*, No. 11-13719, 2013 WL 136235, at *3 (E.D. Mich. Jan. 10, 2013). Notably, while the Sixth Circuit Court of Appeals has not addressed the issue, many district courts within the Sixth Circuit have agreed that "[c]ourts have long recognized that reciprocal exchange associations . . . bear the citizenship of each member." *Id.* (citing *Hollins v. Farmers Ins. Exch.*, No. 3:13-010126, 2014 WL 1922757, at *1 (M.D. Tenn. May 14, 2014)); *see also Themis Lodging Corp. v. Erie Ins. Exch.*, No. 1:10-CV-0003, 2010 WL 2817251, at *1 (N.D. Ohio July 16, 2010); *Brown v. Farmers Ins. Co.*, No. 06-13693, 2007 WL 496669, at *3 (E.D. Mich. Feb. 13, 2007).

Plaintiff argues that USAA should be treated as a corporation for purposes of citizenship and alleges that the insurance contract offers no notice as to the citizenship of the parties. In advancing these arguments, Plaintiff primarily relies on *Garcia v. Farmers Ins. Exchange*, 121 F. Supp.2d 667 (N.D. Ill. 2000). However, as explained in *Hartfield v. Farmers Ins. Exchange*, the opinion offered in *Garcia* has been rejected by the greater weight of authority. *See, e.g., Hartfield*, 2013 WL 136235, at *4 ("As such, the Court discerns no compelling reason to deviate from federal district courts' near-uniform acceptance of the principles that (1) define reciprocal insurance exchange policyholders as 'members' and (2) determine that such insurance exchanges bear the citizenship of its members."); *AMCO Ins. Co. v. Erie Ins. Exch.*,

5

No. 11 C 4842, 2011 WL 5833977, at *3 (N.D. Ill. Nov. 16, 2011) ("As an unincorporated business entity, Erie [Insurance Exchange] bears the citizenship of its members . . . ."); *Themis Lodging Corp.*, 2010 WL 2817251, at *1 (concluding that Erie Insurance Exchange was a citizen of Michigan because it had members who were citizens of Michigan); *Brown*, 2007 WL 496669, at *3 ("Thus, well-settled precedent exists for defining the citizenship of [Farmers Insurance Exchange] by its members."). This Court sees no reason to stray from the weight of authority, particularly among district courts within the Sixth Circuit, concluding that reciprocal insurance exchanges are citizens in each state where their members reside.

To be sure, the South Carolina Auto Policy as part of the insurance contract between Plaintiffs and USAA states that USAA is a reciprocal interinsurance exchange. [DE 23-4 at 4]. It further defines Plaintiff Daniel Hennigan as a "member," and lists his address as being in South Carolina. [DE 1-1 at 3, 23]. Thus, given that reciprocal insurance exchanges are considered citizens of each state in which it has members, Plaintiffs and USAA are both citizens of South Carolina. While Plaintiff's contention that Kentucky presents the most significant relationship to the parties may be true, it does not resolve the issue of subject-matter jurisdiction. Accordingly, because Plaintiffs fail to meet their

burden, the Court will grant USAA's Motion to Dismiss for lack of subject-matter jurisdiction.

## IV. CONCLUSION

Having considered the matters fully, and being otherwise sufficiently advised, **IT IS ORDERED** as follows:

1) Defendant USAA's Motion to Dismiss [DE 22] is **GRANTED;**

2) This matter is **DISMISSED WITHOUT PREJUDICE** for lack of subject-matter jurisdiction; and

3) All pending motions are **DENIED AS MOOT;** and

4) The Clerk shall **STRIKE THIS MATTER FROM THE COURT'S ACTIVE DOCKET.**

This the 19th day of May, 2021.



Signed By:

_Joseph M. Hood_

Senior U.S. District Judge